1  J. CHRISTOPHER JACZKO (149317)
   ALLISON H. GODDARD (211098)
2  JACZKO GODDARD LLP
   4401 Eastgate Mall
3  San Diego, CA 92121
   Telephone:    (858) 404-9207
4  Facsimile:    (858) 225-3500

5  FREDERICK C. LANEY (*Pro Hac Vice*)
   NICHOLAS M. DUDZIAK (*Pro Hac Vice*)
6  NIRO, SCAVONE, HALLER & NIRO
   181 West Madison Street, Suite 4600
7  Chicago, IL  60602
   Telephone:    (312) 236-0733
8  Facsimile:    (312) 236-3137

9  Attorneys for Plaintiff/Counter-Defendant
   DR SYSTEMS, INC.
10

11

**UNITED STATES DISTRICT COURT**

12

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13

| | | |
|---|---|---|
| 14 | DR SYSTEMS, INC., ) | No. 06CV0417 JLS (NLS) |
| 15 | Plaintiff, ) | **MOTION TO CORRECT FIGURE 8 OF THE '416 PATENT TO REFLECT THAT THE ANSWERS "NO" AND "YES" OF DECISION BLOCK 94 DO NOT BOTH RESULT IN THE SAME ACTION** |
| 16 | v. ) | |
| 17 | FUJIFILM MEDICAL SYSTEMS USA, INC., GE HEALTCHARE LTD, GE MEDICAL SYSTEMS, INC., ) | |
| 18 | KONINKLIJKE PHILIPS ELECTRONICS N.V., PHILIPS ) | DATE: November 13, 2007 |
| 19 | ELECTRONICS NORTH AMERICA CORPORATION, MCKESSON ) | TIME: 2:00 p.m. |
| | | DEPT: Courtroom 2, 4th Floor |
| 20 | CORPORATION, AGFA-GEVAERT N.V., AGFA CORPORATION; ) | Motion to be heard by the Honorable Rudi M. Brewster |
| 21 | DYNAMIC IMAGING, LLC, SIEMENS MEDICAL SOLUTIONS USA, INC., ) | |
| 22 | SIEMENS CORPORATION, SIEMENS AG AND EASTMAN KODAK ) | |
| 23 | COMPANY, ) | |
| 24 | Defendants. ) | |
| 25 | ) | |
| 26 | AND RELATED CROSS-ACTIONS. ) | |

27

28

## I. INTRODUCTION AND BACKGROUND

Plaintiff DR Systems, Inc. ("DR Systems") submits this motion to correct Figure 8 of the '416 patent because it contains an error. Figure 8 is a block diagram that illustrates a set of logic steps that a computer may follow. In this figure, the rectangular blocks are used to identify actions to be taken by the computer and the diamond blocks are used to indicate specific conditions the computer may evaluate. Figure 8 further illustrates the steps the computer may perform depending on whether the conditions are satisfied or not.

For example, in the hand-drawn Figure 8 submitted to the PTO during prosecution of the '416 patent, diamond block 94 illustrates that the computer will evaluate whether the computer has received an input signal indicating that the right button on a mouse has been clicked – "Right Button Clicked?". Ex. A at 90, 169 ('416 patent file history, DR000120 and DR000199). Diamond block 94 also has two lines that illustrate the next step the computer may perform depending on whether the right button on a mouse has been clicked. *Id.* If it receives an input signal indicating that the right mouse button has been clicked, then block 94 has a line labeled "yes" that leads to the action described in rectangular block 94a as "copy image and graphics by cursor to palette grid location indicated by palette grid pointer. Cycle monitor (monitor/palette/monitor)." *Id.* If the computer does not receive an input signal indicating that the right mouse button has been clicked, then block 94 has a line labeled "no" that bypasses block 94a and evaluates whether another different condition has been satisfied – e.g., "next monitor?". *Id.* This hand written Figure 8 submitted by the patentees during prosecution is correct.

The clear and unambiguous error in Figure 8 of the issued patent occurred when the formal drawings were prepared and sent to the PTO after the PTO issued a Notice of Allowance. Ex. A at 185 ('416 patent file history, DR000215). In the formal drawing of Figure 8, which is the drawing included with the issued patent, the "yes" and "no" decisions for diamond block 94 both lead to same place – rectangular block 94a. In other words, regardless of whether the right button on the mouse has been clicked or not, the formal drawing of Figure 8 depicts the computer taking the same action described in block 94a, thus rendering the block's presence superfluous and its purpose irrelevant. It should be undisputed that, to one skilled in the art, the formal drawing appearing as Figure 8 in the issued '416 patent contains an error. Moreover, reading the file history and the specification, one skilled in the art would unquestionably realize that the hand drawn Figure 8

submitted during prosecution shows the correct logic steps for the computer to follow. This is illustrated below:



See Ex. A at 90 ('416 patent file history, DR000120) vs. Ex. B at 208 ('416 patent, DR00004).

## I.   APPLICABLE LAW

In *Novo Industries, L.P. v. Micro Molds Corp.*, the Federal Circuit established the test to determine the situations when a district court can properly correct an error in a patent by interpretation of the patent where no certificate of correction has been issued. 350 F.3d 1348, 1354 (Fed. Cir. 2003). Specifically, "a district court can do so only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Id.*; *see also Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005). Indeed, even the "correction of a ministerial error in the claims, which also serves to broaden the claims, is allowable if it is 'clearly evident from

1  the specifications, drawings, and prosecution history how the error should appropriately be
2  corrected' to one of skill in the art." *Arthrocare Corp. v. Smith & Nephew, Inc.*, 406 F.3d 1365,
3  1374-75 (Fed. Cir. 2005) quoting *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358,
4  1373 (Fed. Cir. 2001).

**III.    LEGAL AND FACTUAL ANALYSIS**

Correcting the erroneous Figure 8 of the issued patent to that filed with the original patent application is not subject to reasonable debate based on the consideration of the claim language and the specification. Indeed, the specification confirms the issued Figure 8 includes a clear error:

> Decision 94 assumes that the cursor is in a presentation area of the monitor mode display container. If the right button of the trackball mechanism is clicked, the application process infers that the user wants the image in the presentation area moved to the working palette grid location indicated by the palette grid pointer. In this case, the image at the cursor location and any annotation graphics which it contains are copied in step 94a into the working palette grid at the location indicated by the working palette grid pointer.

Ex. B at 229 ('416 patent, DR000025, col. 12:48–58). Accordingly, correcting Figure 8 in this way, in fact, aligns the specification consistent with the figure. This portion of the specification describes the next step the computer performs if the right button of the trackball mechanism is clicked.

As Figure 8 currently stands, the same step is performed whether or not the right button of the trackball mechanism is clicked. Anyone having skill in the relevant art understands this defies common sense and any logical computer programming. The entire purpose of determining whether a specific condition in a computer program is satisfied is to determine the subsequent step to be performed. Thus, any logical interpretation of Figure 8, or any computer program logic flow chart for that matter, dictates that one thing happens if a condition is satisfied and another thing happens if the condition is not satisfied. As mentioned above, Figure 8 of the issued patent indicates that the same thing happens whether or not the condition is satisfied. This is a clear error and the correction of which is not subject to reasonable debate. In fact, not correcting Figure 8 in this way makes the presence of "Decision 94" superfluous, its purpose extinguished, and the specification inconsistent with this figure.

///

///

The prosecution history does not suggest a different interpretation of the claims.  There was no discussion in the file history between the patentee and the examiner regarding any corrections/modifications to this figure in this way.  To the contrary, the prosecution history is entirely consistent with the proposed correction of the formal Figure 8 of the issued patent.  As mentioned above, the as-filed Figure 8 of the prosecution history is the correct version of the Figure.  The proposed correction merely makes the formal figure match the as-filed figure.  Accordingly, the filing of this figure with the application illustrates that a mistake was made in formalizing the figure after the Notice of Allowance was issued.

## IV.     CONCLUSION

For the forgoing reasons, this Court should correct Figure 8 of the '416 patent to more closely mirror that filed with the patent application.


Dated:     October 12, 2007                          JACZKO GODDARD LLP

                                                     NIRO, SCAVONE, HALLER & NIRO


                                                     By:     /s/ Allison H. Goddard
                                                             Allison H. Goddard
                                                             Attorneys for Plaintiff/Counter-Defendant
                                                             DR SYSTEMS, INC.

**DR Systems, Inc. v. Fujifilm, et al.**

**USDC Case No.06cv0417 JLS (NLS)**

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of October, 2007, with a copy of this document via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

    /s/  Allison H. Goddard