Michael D. Fabiano (SBN 167058)
MAZZARELLA CALDARELLI LLP
550 West C Street, Suite 700
San Diego, CA  92101
(619) 238-4900 - Telephone
(619) 238-4959 - Facsimile

H. Michael Hartmann (*Pro Hac Vice*)
Wesley O. Mueller (*Pro Hac Vice*)
Robert T. Wittmann (*Pro Hac Vice*)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
Chicago, IL 60601
(312) 616-5600 - Telephone
(212) 616-5700 - Facsimile

Attorneys for Defendants
Agfa-Gevaert N.V.
Agfa Corporation

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FUJIFILM MEDICAL SYSTEMS USA, INC., GE HEALTHCARE LTD, GE MEDICAL SYSTEMS, INC., KONINKLIJKE PHILIPS ELECTRONICS N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, MCKESSON INFORMATION SOLUTIONS LLC, AGFA-GEVAERT N.V., AGFA CORPORATION, DYNAMIC IMAGING, LLC, SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS CORPORATION, SIEMANS AG and EASTMAN KODAK COMPANY,<br><br>　　　　Defendants. | No. 06 CV 0417 JLS (NLS)<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO CORRECT FIGURE 8 OF THE '416 PATENT TO REFLECT THAT THE ANSWERS "NO" AND "YES" OF DECISION BLOCK 94 DO NOT BOTH RESULT IN THE SAME ACTION**<br><br>DATE:　　　November 13, 2007<br>TIME:　　　2:00 PM<br><br><br>Motion to be heard by the<br>Honorable Rudi M. Brewster |

1        DR argues that the specification of U.S. Patent 5,452,416 (the "'416 patent") has a
2   material error, which it asks the Court to correct.  The Court should deny this request because, under
3   prevailing Federal Circuit law, a district court may not correct an error in an issued patent unless the
4   claims and the specification of the patent show that the error is not reasonably debatable.  *Novo*
5   *Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003).  DR's proposed
6   correction is not evident from the face of the patent.  DR, therefore, cannot meet its burden to
7   establish the propriety of the suggested change.

8        DR asks this Court to "correct Figure 8 of the '416 patent to more closely mirror that
9   filed with the patent application."  (DR Br. at 5).  In essence, DR now asks the Court to replace
10  Figure 8 of the '416 patent with that submitted when the application was originally filed.  By relying
11  primarily on the prosecution history, rather than the claims and the specification, the motion proves
12  that DR has chosen an improper forum.  A correction that relies on the prosecution history is within
13  the exclusive province of the U.S. Patent and Trademark Office ("PTO"), not this Court.

14                    **I.     DR'S ERRONEOUS PATENT FIGURE 8**

15           **A.     DR's Proposed Correction Is Not Evident From The '416 Patent**

16        DR argues that its proposed correction of the error in Figure 8 of the '416 patent "is
17  not subject to reasonable debate on the consideration of the claim language and the specification."
18  (DR Br. at 4).  Defendants disagree.  Figure 8 of the issued '416 patent illustrates a software
19  algorithm with two programming branches that exit from a processing block "Right Button Clicked,"
20  labeled numeral 94.  These programming branches lead to the same location, a processing block 94a.
21  According to DR, the illustrated algorithm steps "def[y] common sense and any logical computer
22  programming."[1]  (DR. Br. 4).  However, Defendants provide below specific, viable interpretations
23  that contradict DR's assertion.

---

[1]  DR presents <u>no evidence</u> for its premise that Figure 8 includes a clear error, relying upon only
25  attorney argument.  Whether "the computer taking the same action described in block 94a [] render[s]
    the block's presence superfluous and its purpose irrelevant" is not a proper subject for attorney
26  speculation.  (DR Br. at 2).



DR further argues that "the specification confirms the issued Figure 8 includes a clear error." (DR Br. at 4). For support, DR quotes from, and relies on, the language in the patent specification that provides details of the computer algorithm steps which occur as a result of the "YES" branch from block 94 *only*. (*See* DR Br. at 4: "If the right button of the trackball mechanism is clicked, the application process infers that the user wants the image in the presentation area moved to the working palette grid location indicated by the palette grid pointer.") Contrary to DR's argument, the specification does not explain the algorithm steps associated with the "NO" branch exiting block 94. Indeed, there is no description of any kind in the patent as to what occurs when the "NO" branch is selected or whether it should go to block 90, 91, 92, 93, 94a, 95, 96 or somewhere else. This lack of description in the claims and the specification is fatal to DR's motion because neither the nature of the error nor how it should be corrected can be ascertained from the patent

1  itself.  *Novo Indus.*, 350 F.3d at 1357 (refusing to correct an error, noting "the nature of the error is
2  not apparent from the face of the patent.").  The Court's inquiry should end here, as only when the
3  claims and specification indicate the appropriate correction of an error is it necessary to consider the
4  prosecution history.  *Id*.

###    B.    The Prosecution History Is Also Subject To Debate

6  DR looks beyond the four corners of the '416 patent to the prosecution history to find
7  the supposed error to Figure 8.  (*See* DR Br. at 2-3:  "[O]ne skilled in the art would unquestionably
8  realize that the hand drawn Figure 8 submitted during prosecution shows the correct logic steps for
9  the computer to follow.")  DR then argues that "[c]orrecting the erroneous Figure 8 of the issued
10 patent to *that filed with the original patent application* is not subject to reasonable debate. . . ."  (DR
11 Br. at 4) (emphasis added).  The complete prosecution history, however, does not compel the change
12 to Figure 8 sought by DR.

13 Figure 8, as filed with the original patent application that became the '416 patent, was
14 amended during prosecution.  (*See* Ex. A to DR Br. at DR000197-199).  Original hand-drawn Figure
15 8, as filed with the patent application, is shown on the left-hand side below; amended hand-drawn
16 Figure 8 from the prosecution history attached to DR's motion is shown on the right-hand side
17 below.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26



DR000120



DR000198

To the extent that the hand-drawn figures can be understood, DR amended its originally filed Figure 8 to add a reference numeral "94a."  In that amendment, DR apparently deleted from Figure 8 certain textual information, "MONITOR (MONITOR/PALETTE/MONITOR)," that was contained in that computer processing block.  While DR may have a reasonable explanation for the differences in the hand-drawn figures submitted to the PTO, "erroneous Figure 8 of the issued patent" should not simply be replaced by "that filed with the original patent application," as suggested by DR.  In any event, this Court should not engage in an exercise to determine what bits and pieces from the prosecution history should be used to correct Figure 8—particularly where, as here, one prior version of Figure 8 contradicts another prior version

1  of Figure 8, and it is unclear which version (if either) should be used to "correct" the specification.
2  The PTO is in a far better position to resolve such debatable issues.

3  **II.   ARGUMENT**

4  A district court has limited authority to change an issued patent.  The cases relied on
5  by DR establish that a district court can correct an error in a patent in the limited instances where
6  "(1) the correction is not subject to reasonable debate based on consideration of the claim language
7  and specification and (2) the prosecution history does not suggest a different interpretation of the
8  claims."  *Novo Industries*, 350 F.3d at 1354.

9  DR sets forth the proper legal standard, but misapplies it.  In *Novo*, the court declined
10 to correct incorrect language in a patent because "the nature of the error [was] not apparent from the
11 face of the patent."  *Id.* at 1357.  In that case, it would have been equally reasonable to delete a
12 phrase in its entirety or to add a word that was missing, and the court therefore held the claim to be
13 indefinite.  *Id.* at 1357-58.  The *Novo* court explained that in such circumstances the proper forum to
14 correct a patent is the PTO, and not district courts.[2]  When the error is not evident from the four
15 corners of the patent, it is important for the PTO to bring its experience to bear in considering
16 whether correction is appropriate.  *Id.* at 1357.

17 Likewise, in *Group One Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297 (Fed. Cir.
18 2005), the court determined that a district court lacked the authority to add language missing from a
19 patent claim even though the prosecution history disclosed the missing language.

20 > The prosecution history discloses that the missing language was required to be added
21 > by the examiner as a condition for issuance, but one cannot discern what language is

---

[2] The cases cited by DR confirm that the proper procedure to correct errors that are not apparent
23 from the patent is through a certificate of correction, duly issued by the PTO.  *See Arthrocare Corp.
v. Smith & Nephew, Inc.*, 406 F.3d 1365, 1374-75 (Fed. Cir. 2005) ("The prosecuting attorney noted
24 the error on the same day that the patent issued and immediately asked the Patent and Trademark
Office to change the remaining reference" to previously amended language in the claims.).  DR
25 knows how to request a change via a certificate of correction and indeed previously filed such a
request with the PTO.  (*See* Ex. A to DR Br. at DR000229-231).
26

missing simply by reading the patent. The district court does not have the authority to correct the patent in such circumstances.

*Group One*, 407 F.3d at 1303. As in *Group One*, it is unclear how Figure 8 of DR's patent should be changed simply by reading the patent itself.[3] For this reason alone, the Court should decline DR's request to modify Figure 8 to that filed with the original patent application.

A consideration of Figure 8 of the '416 patent itself, divorced from the prosecution history, at best leads to several plausible explanations for the intended logic concerning block 94. One possibility is that the "NO" branch sets a flag or executes some other logic that causes a different result in block 94a from the result of the "YES" branch. (See DR Br. at 2: "In other words, regardless of whether the right button on the mouse has been clicked or not, the formal drawing of Figure 8 depicts the computer taking the same action described in block 94a, thus rendering the block's presence superfluous and its purpose irrelevant."). If this were the case, both the "YES" and "NO" branches going to block 94a would not be an error.

Even assuming, *arguendo*, that both the "YES" and "NO" branches going to block 94a is an error, the claims and specification are silent as to where the "NO" branch exiting block 94 should go. Although block 95 is one possible destination for the "NO" branch, the specification and claims provide no guidance as to which block of the algorithm is the proper destination. The software program could have been written to jump back to other processing blocks such as processing block 90, 91, 92 or 93 shown in Figure 8. Similarly, the software program could have been written to jump forward to processing block 96. DR has presented no evidence (or even unsupported attorney argument) why block 95 should be selected as the correct destination of the "NO" branch instead of blocks 90, 91, 92, 93, 94a or 96. Until DR, based upon the claims and

---

[3] *Hoffer v. Microsoft Corp.*, 405 F.3d 1326 (Fed. Cir. 2005) is a case cited by *Group One* and similarly does not help DR. In *Hoffer*, the court held that an error could be corrected by a district court because it "was apparent from the face of the patent." *Id.* at 1331. *Hoffer* involved an erroneous internal reference in a dependent claim to a renumbered independent claim that was apparent from other claim language.

specification, can prove that block 95 is the proper destination for the "NO" branch, the correction of Figure 8 is subject to reasonable debate.

Because the error now sought to be corrected by DR is, at minimum, debatable and because "a district court can [correct a patent] only if ... the correction is not subject to reasonable debate based on consideration of the claim language and the specification," this Court should not provide the relief sought by DR's motion. (DR Br. at 2 citing *Novo Industries*).

DR invites the Court to resolve this reasonable debate by relying on the prosecution history, but the *Novo Industries* case relied upon by DR forbids this practice. (DR Br. at 3). According to DR and the Federal Circuit, "a district court can [correct a patent] only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Industries*, 350 F.3d at 1354 (emphasis supplied). As such, this Court may consult the prosecution history only for the limited purpose of determining whether it suggests an interpretation of the claims different than that of the specification, not to identify and correct the error, as requested by DR.[4] The PTO, not this Court, is the only proper forum to correct the '416 patent in the manner requested by DR. *Group One*, 407 F.3d at 1303.

### III.   CONCLUSION

For the foregoing reasons, DR's Motion To Correct Figure 8 Of The '416 Patent To Reflect That The Answers "No" And "Yes" Of Decision Block 94 Do Not Both Result In The Same Action should be denied. The proper forum to seek the relief requested by DR is the PTO, not this Court.

---

[4]  Moreover, DR ignores the fact that multiple versions of Figure 8 exist in the prosecution history.

1  DATED:  October 30, 2007                    Respectfully submitted,

2                                              BAKER BOTTS LLP

3

4                                              By  s/Jeffrey D. Sullivan
                                                   Robert C. Scheinfeld
5                                                  Jeffrey D. Sullivan
                                                   Robert L. Maier
6                                                  Attorneys for DEFENDANT FUJIFILM
                                                   MEDICAL SYSTEMS USA, INC
7

8
   DATED:  October 30, 2007                    Respectfully submitted,
9
                                               REED SMITH LLP
10

11

12                                             By  s:/John P. Bovich
                                                   Scott D. Baker
13                                                 John P. Bovich
                                                   Doyle B. Johnson
14                                                 Jonah D. Mitchell
                                                   Attorneys for DEFENDANT SIEMENS
15                                                 CORPORATION, SIEMENS AG. AND
                                                   SIEMENS MEDICAL SOLUTIONS USA INC.
16

17 DATED:  October 30, 2007                    Respectfully submitted,

18                                             FISH & RICHARDSON

19

20                                             By  s/Nagendra Setty
                                                   Nagendra Setty
21                                                 George L. Kanabe
                                                   Attorneys for Defendant MCKESSON
22                                                 INFORMATION SOLUTIONS, LLC

23

24

25

26

9
DEFENDANTS' OPPOSITION TO MOTION TO CORRECT FIGURE 8

| | | |
|---|---|---|
| 1 | Dated:   October 30, 2007 | Respectfully submitted, |
| 2 | | LEYDIG, VOIT & MAYER, LTD. |
| 3 | | And<br>MAZZARELLA CALDARELLI LLP |
| 4 | | |
| 5 | | By    s/Wesley O. Mueller<br>         H. Michael Hartmann |
| 6 | |          Wesley O. Mueller<br>         Robert T. Wittmann |
| 7 | |          Attorneys for Defendants, AGFA-GEVAERT<br>         N.V. and AGFA CORPORATION |
| 8 | | By    s/Michael D. Fabiano |
| 9 | |          Attorneys for Defendants, AGFA-GEVAERT<br>         N.V. and AGFA CORPORATION |