1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

DR SYSTEMS, INC.,

CASE NO. 06CV417 JLS (NLS)[1]

12

Plaintiff-Counterdefendant,

vs.

**CLAIM CONSTRUCTION ORDER FOR UNITED STATES PATENT NUMBERS 6,032,120, 6,241,668, and 6,603,868**

13

14

SIEMENS MEDICAL SOLUTIONS USA, INC.; SIEMENS CORPORATION; SIEMENS AG, et al.

15

16

Defendants-Counterclaimants.

17

18

    Pursuant to <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370 (1996), the Court

19

conducted a hearing on December 11, 2007 regarding the construction of the disputed claims in

20

counterclaimants Siemens Medical Solutions USA, Inc.'s and Siemens AG's United States Patent

21

Numbers 6,032,120 ("120 patent"), 6,241,668 ("668 patent"), and 6,603,868 ("868 patent[2]").

22

    [1] This action was filed on February 23, 2006 and originally assigned to the Hon. Napoleon A. Jones, Jr.  By Order dated July 27, 2006, the case was reassigned to the Hon. Rudi M. Brewster.  (Doc. No. 66.)  By Order dated July 31, 2007, the case was again reassigned to the Hon. Jeffrey T. Miller.  (Doc. No. 219.)  After this reassignment Judge Brewster nonetheless completed Markman hearings on the lone patent-in-suit in plaintiff's first amended complaint and issued the Claim Construction Order on that patent.  (Doc. No. 236.)  On September 24, 2007, Judge Miller recused from the case, and it was randomly reassigned to the Hon. M. James Lorenz.  The case was finally reassigned to the Hon. Janis L. Sammartino on September 26, 2007.  (Doc. No. 235.)

23

24

25

26

27

28

    [2] During the Markman hearing, the parties stipulated to the construction of "arbitrarily oriented," the only disputed term in the 868 patent.  With respect to the 120 patent, the parties stipulated to the construction of "client application," "server application," "client device," and "server device."  Pursuant to the Court's directive, the parties filed an amended joint claim construction worksheet on December 18, 2007.

After careful consideration of the parties' arguments and the applicable statutes and case law, the Court **HEREBY ADOPTS** the parties' stipulated claim construction, wherever such constructions exist, and **CONSTRUES** the disputed claims for the 120 patent and the 668 patent as follows.

<u>120 patent</u>

**"Said information not being provided by the server application"**: The information is not provided by the server application.

**"Said user request being the only user request sent from the client application during the accessing-and-displaying process to identify said medical study"**: The user request is the only request sent from the client program to the server program during the accessing-and-displaying process.

<u>668 patent</u>

**"Patient-related data"**: Information related to a patient.

**"Entering patient-related data for permanent association with said medical image"**: Entering patient-related data that is inseparably joined with a medical image.

**"Means for entering said digital data into said workstation"**: The disclosed structure is the data and electrical connections shown in Figures 1 and 2, with the description thereof in the specification.

**"For permanent association in said patient-related data with said medical image for unambiguously identifying said examination subject"**: For inseparably joining in the patient-related data, including a medical image for unambiguously identifying a patient.

IT IS SO ORDERED.

DATED:  December 19, 2007

*Janis L. Sammartino*
_____
Honorable Janis L. Sammartino
United States District Judge