1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11
DR. SYSTEMS, INC.,                    )    Civil No. 06cv417 JLS (NLS)
                                      )
                      Plaintiff,      )    **ORDER GRANTING DR SYSTEMS'**
12  v.                                )    **MOTION TO COMPEL DISCOVERY**
                                      )    **RESPONSES FROM SIEMENS**
13  FUJIFILM MEDICAL SYSTEMS USA,      )    **MEDICAL SOLUTIONS AND**
    INC.; GE HEALTHCARE LTD; GE       )    **SIEMENS AG AND DENYING**
14  MEDICAL SYSTEMS, INC.; KONINKLJKE )    **WITHOUT PREJUDICE**
    PHILIPS ELECTRONICS, N.V.; PHILIPS )   **ALTERNATIVE REQUEST FOR**
15  ELECTRONICS NORTH AMERICA         )    **LEAVE TO FILE AMENDED FINAL**
    CORPORATION; MCKESSON             )    **INFRINGEMENT CONTENTIONS**
16  CORPORATION; AGFA-GEVAERT N.V.;   )
    AGFA CORPORATION; DYNAMIC         )    [Doc. No. 263]
17  IMAGING,  LLC; SIEMENS MEDICAL    )
    SOLUTIONS USA, INC.; SIEMENS      )
18  CORPORATION; SIEMENS AG;          )
    EASTMAN KODAK COMPANY;            )
19                                    )
                      Defendants.     )
20  _____  )
                                      )
21                                    )
    AND RELATED COUNTERCLAIMS.        )
22                                    )
    _____  )
23

24         Plaintiff and Counterdefendant DR Systems, Inc. (DR Systems) moves for an order to compel

25  Defendants and Counterclaimants Siemens Medical Solutions USA, Inc. and Siemens AG (collectively,

26  Siemens) to supplement their responses to DR Systems' first sets of interrogatories and requests for

27  production of documents and things (RFPs).  While DR Systems has already received discovery on

28  Siemens' Leonardo product, it now seeks to compel discovery on the *syngo* and SIENET products so

                                        1

1    that DR Systems can examine the interrelationship between these products and Leonardo.  Alternatively,

2    DR Systems requests leave of court to file amended final infringement contentions.

3         Siemens opposes the motion, arguing that Leonardo, *syngo* and SIENET are separate and distinct

4    products.  They say DR Systems is not entitled to discovery on the *syngo* and SIENET products because

5    they did not identify those products as actual infringing products.  Siemens says that DR Systems'

6    discovery should be limited to only those products they identified in their infringement contentions.

7         The Court reviewed all documents filed in support of and in opposition to the motion.  The Court

8    found the issues suitable for decision without oral argument.  Based on its review and analysis of the

9    issues, the Court **GRANTS** DR Systems' motion to compel and **DENIES without prejudice** its

10   alternative request for leave to amend its final infringement contentions.

### RELEVANT FACTS

12   DR Systems filed this action February 24, 2006 and alleged infringement of its '416 patent

13   against Fujifilm Medical Systems USA, Inc.  The '416 patent involves technology that provides systems

14   and processes for presenting and viewing medical images generated by imaging devices such as x-ray,

15   MRI, CAT and PET.  These systems are also known as Picture Archival and Communications products,

16   or PACS.  PACS products are generally large networked computer systems designed for use by doctors

17   in a hospital or clinical environment.

18   On April 11, 2006, DR Systems filed a first amended complaint and added Siemens and several

19   other entities as defendants.  Siemens filed an answer and counterclaim on June 27, 2006 and asserted

20   three patents against DR Systems.  The Siemens patents also relate to PACS products.

21   The Court held a case management conference and issued an initial scheduling order on August

22   10, 2006. [Doc. No. 89.] On August 22, 2006, DR Systems served its preliminary infringement

23   contentions.  Those preliminary contentions identified Siemens' Leonardo Workstation as an infringing

24   product.  Bovich Decl. Ex. B

25   On August 28, 2006, all defendants joined in a motion to phase discovery.  They sought to limit

26   discovery in Phase 1 to only claim construction discovery.   [Doc. No. 107.] DR Systems did not object

27   to phasing discovery. [Doc. No. 109.] The Court stayed all fact discovery not related to claim

28   construction until after a ruling on claim construction. [Doc. No. 115.] The Court entered a claim

1  construction ruling on the '416 patent on October 2, 2007. [Doc. No. 236.] The Court lifted the

2  discovery stay on October 30, 2007. [Doc. No. 247.]

3       On November 5, 2007, DR Systems served its final infringement contentions on Siemens.  Those

4  final contentions expressly named only the Leonardo Workstation as an infringing product, but

5  identified some other Siemens' products as potentially infringing products:

6           Since fact discovery has been stayed, DR Systems reserves the right to
           amend its contentions as necessary to incorporate additional infringing
7           products revealed in discovery.  For example, it is not clear from publicly
           available information and/or the documents produced thus far whether
8           SYNGO, SIENET MagicView and SIENET MagicWeb are each a
           component of the Leonardo system, software applications and/or separate
9           products used in conjunction with Leonardo systems.  Because DR
           Systems has had virtually no discovery, it cannot determine the exact
10          configuration and/or names for Siemens' accused products.

11  Pl.'s Ex. A, p.2.

12       On December 14, 2007, DR Systems served interrogatories and RFPs on Siemens.  Pl.'s Exs. D,

13  E.  The requests seek information regarding Siemens' PACS products that include physician

14  preferences, one characteristic that DR Systems claims in the '416 patent.  Siemens served responses to

15  the discovery on February 4, 2008.  Pl.'s Exs. F, G.  Siemens limited its responses to address only the

16  Leonardo Workstation and not other PACS products.

17       Meanwhile, sometime around April 2004, Siemens added "new and expanded applications" to

18  the *syngo* Multimodality Work**station**, "renaming" the product to Leonardo.  Pl.'s Ex. C, ¶ 1; Bowman

19  Decl. ¶ 4.  In February 2006, Siemens changed the name of the Leonardo Workstation to *syngo*

20  Multimodality Work**place**.  Bowman Decl. ¶ 5.  Siemens says that Leonardo and *syngo* Multimodality

21  Workplace are the same product.  In its disclosures and document productions in October and November

22  2006, Siemens produced approximately 15,000 pages work of manuals and materials for Leonardo and

23  the *syngo* Multimodality Workplace.  Bovich Decl. ¶¶ 8, 10.  On January 16, 2007, Siemens produced a

24  510(k) pre-market notification of Leonardo.  Bovich Decl. ¶ 9.  In February 2008, Siemens produced

25  over 465,000 pages of additional material regarding Leonardo and *syngo* Multimodality Workplace.

26  Bovich Decl. ¶¶ 16, 17.

27       In addition, Siemens makes several types of operational and technical information related to its

28  products available in print, on the Siemens' website, or both.  Bieber Decl. ¶ 3.  The type of information

1  publically available includes brochures, whitepapers, internet-specific content, DICOM conformance

2  statements, magazines and press releases.  Bieber Decl. ¶¶ 4-11.

3  **DISCUSSION**

4  **Scope of Discovery.**

5        The scope of discovery in patent cases "should be liberally construed" under Federal Rule of

6  Civil Procedure 26(b)(1).[1]  *See Bd. of Trs. of Leland Stanford Jr. Univ. v. Roche Molecular Sys.. Inc.*,

7  237 F.R.D. 618, 621 (N.D. Cal. 2006) (compelling production of documents under Rule 26 in patent

8  infringement action).  Rule 26 complements the Patent Local Rules of this district.  *See WebSideStory,*

9  *Inc. v. Netratings, Inc.,* 2007 WL 1109597 (S.D. Cal. 2007) (Battaglia, J.) (compelling defendant to

10  produce a witness to testify based on the broad relevancy standard of Rule 26).

11        DR Systems argues that under Rule 26, DR Systems should be allowed discovery of not only

12  products expressly named in the final infringement contentions, but also of products that are "reasonably

13  similar" to the accused products.  Siemens argues that DR Systems' requested discovery is not relevant

14  to the action because the discovery should be limited to only those products DR Systems specifically

15  accused in their final infringement contentions.

16        No bright line rule governs whether discovery can be obtained only for products expressly

17  accused in infringement contentions.  According to one view, "the scope of discovery may include

18  products and services 'reasonably similar' to those accused in the [preliminary infringement

19  contentions]."  *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, 2007 WL 2580969, *3 (E.D. Tex.

20  2007); *see L.G. Elec., Inc. v. Q-lity Computer, Inc.*, 211 F.R.D. 360, 368 (N.D. Cal. 2002) (noting that

21  discovery is not necessarily limited to products specifically identified in initial patent infringement

22  disclosures).  The Federal Circuit has reasoned: "If a local patent rule required the final identification of

23  infringement and validity contentions at the outset of the case, shortly before the pleadings were filed

24  and well before the end of discovery, it might well conflict with the spirit, if not the letter, of notice

25  pleading and broad discovery regime created by the Federal Rules."  *02Micro Intern., Ltd. v. Monolithic*

26  *Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).  According to another view, a party "only has

27

28        [1]Unless otherwise noted, future references to "Rule(s)" will be to the Federal Rules of Civil Procedure.

1   the right to discover information regarding the alleged infringing service, not the right to discover

2   information on whether it should assert a claim of infringement regarding other services." *Caritas*

3   *Tech., Inc. v. Comcast Corp.,* 2006 U.S. Dist. LEXIS 94879, *14-*15 (E.D. Tex. 2006).

4          A court in this district has already ruled that discovery may be obtained for products not

5   specifically identified in preliminary infringement contentions.  In *WebSideStory*, the defendant argued

6   that it need not produce a witness at a Rule 30(b)(6) deposition to testify regarding products not

7   identified in the plaintiff's preliminary infringement contentions.  2007 WL 1109597 at *2.  The Court

8   found the Rule 26 broad relevancy standard applied and ordered defendant to produce the witness.  *Id.*

9   This Court now applies the same the relevancy standard here.

10         Applying Rule 26, DR Systems' discovery should not be limited to only the products they

11   expressly accused.  First, the phasing of discovery did not deprive DR Systems of the opportunity to

12   conduct discovery of products related to those that were expressly accused.  As the parties requested in

13   their joint motion, the Court now "allows the parties to conduct discovery, in the second phase, on all

14   other issues" not related to claim construction.  Joint Motion to Phase Discovery, p.2.  Second, even

15   though the parties have already drafted their final infringement contentions, they drafted those

16   contentions without the benefit of open discovery.  Had this case taken the normal course to allow

17   unlimited discovery before the claim construction ruling, DR Systems would have issued these same

18   discovery requests before the claim construction ruling and before drafting the final infringement

19   contentions.  Finally, based on Siemens' explanation of how the Leonardo and *syngo* products are

20   interrelated PACS products, DR Systems' discovery requests are relevant to the claims and

21   counterclaims at issue.  For these reasons, the Court **OVERRULES** Siemens' relevance objections to

22   the requested discovery.

23   **Siemens' Remaining Objections to the Discovery.**

24         Finding that the proposed discovery is relevant and discoverable at this point in the litigation, the

25   Court now turns to Siemens' objections that the discovery requests are overbroad, unduly burdensome

26   and would cause Siemens to suffer prejudice.  Siemens argues that if DR Systems is allowed access to

27   information on the related products, the court would have to hold more claim construction hearings and

28   the parties would essentially have to repeat the last two years of litigation.  Siemens says that given the

1   massive amount of documents it already provided for Leonardo and the *syngo* Multimodality

2   Workplace, it would also need to undertake a similarly-massive document production for the related

3   products, all while expert disclosures are due in less than three months.  Siemens also argues that DR

4   Systems has ignored much of this information, which has been publicly available.

5        The Court is not convinced by Siemens' remaining objections.  First, allowing the additional

6   discovery will not necessarily cause the parties to repeat two years of litigation.  For example, allowing

7   the additional discovery might not force another claim construction hearing because the discovery may

8   not necessarily cause DR Systems' infringement theory to change.  Second, even though some of this

9   information may have been publicly available, the record is unclear on how easy it is to navigate

10  through that vast amount of information and how DR Systems might have identified the public

11  information as relevant to the Leonardo product.  Finally, DR Systems has offered to narrow the scope

12  of the requests to a preliminary production of product manuals and documents that may more fully

13  explain Siemens' PACS products and their interrelationship.  Accordingly, Siemens' objections that the

14  discovery requests are overbroad, unduly burdensome and will cause prejudice are **OVERRULED**.

15  **Alternative Request to Amend Final Infringement Contentions.**

16       The Court **DENIES without prejudice** DR Systems' alternative request to amend the final

17  infringement contentions.  The alternative request is premature because without the discovery, DR

18  Systems has no basis to show the good cause needed to amend the final infringement contentions.

19                              CONCLUSION

20       The Court **GRANTS** DR Systems' motion to compel further discovery responses from Siemens

21  and **OVERRULES** Siemens' objections.  The Court **DENIES** without prejudice DR Systems'

22  alternative motion for leave to file amended final infringement contentions.  DR Systems must narrow

23  the scope of their discovery requests, as they represented in their reply brief, and serve those amended

24  requests by ***April 16, 2008***.  Siemens must serve responses to the amended requests by ***April 30, 2008***,

25  unless the parties agree to another date for production.

26  DATED:  April 10, 2008

27

28                                     _Nita L. Stormes_

                                       Hon. Nita L. Stormes
                                       U.S. Magistrate Judge